IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY BOUTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0322 |
| | § | |
| EXXON MOBIL CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Kimberly Boutin, has moved for an extension of time to respond to the defendants' summary judgment motion. (Docket Entry No. 27). The reason given for the extension is that deposition and written discovery will be conducted after the response is due. The plaintiff seeks a two-month extension, until 30 days after all the discovery is completed. The defendant opposes the extension, arguing that no basis has been shown under Rule 56(f) of the Federal Rules of Civil Procedure. (Docket Entry No. 28).

Rule 56(f) provides:

> If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely. *Union City Barge Line, Inc. v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir.1987). "Rule 56(f) motions are generally favored and should be liberally granted." *Beattie v. Madison County School Dist.,* 254 F.3d 595, 606 (5th Cir.2001). To comply

with the Rule, the party opposing summary judgment must file the specified nonevidentiary affidavit, explaining why she cannot oppose the summary judgment motion on the merits. *Union City Barge Line,* 823 F.2d at 136. The party may not rely on vague assertions that additional discovery will produce needed, but unspecified, facts. *Id.* at 137 (citing *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir.1980)). She must demonstrate why she needs additional discovery and how the additional discovery will create a genuine issue of material fact. *Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir.1993).

Rule 56(f) permits a court to grant a continuance when the nonmovant has not had the opportunity to conduct discovery that is essential to her opposition to a motion for summary judgment. *See Wright v. Blythe-Nelson,* 2001 WL 1012701, at *2 (N.D. Tex. Aug.15, 2001) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). When a party has had an opportunity to conduct discovery but has not diligently pursued it, however, this cannot supply the basis for granting a continuance. And Rule 56(f) offers relief when the nonmovant has not had a full opportunity to conduct essential discovery, not to complete *all* discovery. The two concepts are distinct. *See McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir.1991) (per curiam) (rejecting the nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment.).

Boutin has only offered a general assertion that she would like to wait until after all discovery is completed before responding to the summary judgment motion. She has not indicated why she needs specified additional discovery or how that discovery will enable her to present a genuine issue of material fact. She has failed to meet the requirements under Rule 56(f).

The motion for continuance is denied.

SIGNED on March 4, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge