IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KIMBERLY BOUTIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0322 |
| | § | |
| EXXON MOBIL CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiff, Kimberly Boutin, has moved for reconsideration of this court's order denying her motion to continue the submission of Exxon Mobil's summary judgment motion. (Docket Entry No. 30). That ruling was based on Boutin's failure to comply with the requirements for a continuance under Rule 56(f). Boutin did not show specific reasons why she was unable to present facts essential to justify her opposition to the motion, as the rule requires. She did not show what additional depositions or other discovery she needed or how those depositions or discovery would enable her to present a genuine issue of material fact.

In her motion for reconsideration, Boutin now states that the additional depositions will allow her to show (1) "the degree of control Exxon exercised over Boutin," who was directly employed by Jacobs Field Services; (2) whether she complained about sexual harassment; (3) whether the reasons Exxon Mobil gave for barring her from its facility were pretextual; and, (4) with respect to George Dorsey's deposition, the nature of his behavior toward her. Boutin also states that she has subpoenaed the personnel file of a male employee who was also found to have drugs in his car but received different discipline. Exxon Mobil opposes the extension (and the motion for

reconsideration), arguing that Boutin has still failed to show a basis for additional time under Rule 56(f).  (Docket Entry No. 32).

Rule 56(f) provides:

> If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Rule 56(f) permits a court to grant a continuance when the nonmovant has not had the opportunity to conduct discovery that is essential to her opposition to a motion for summary judgment.  *See Wright v. Blythe-Nelson,* 2001 WL 1012701, at *2 (N.D. Tex. Aug.15, 2001) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  When a party has had an opportunity to conduct discovery but has not diligently pursued it, however, this cannot supply the basis for granting a continuance.  And Rule 56(f) offers relief when the nonmovant has not had a full opportunity to conduct essential discovery, not to complete *all* discovery.  The two concepts are distinct.  *See McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir.1991) (per curiam) (rejecting the nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment.).

The summary judgment motion was filed on February 24, 2010.  Boutin noticed the depositions at issue the day after the motion was filed and a few days later moved for a two-month extension of the time to respond to the motion.  The record shows that Boutin has filed extensive written discovery and has received responses.  The record also shows that Boutin had opportunities take the depositions at issue as early as October and November 2009.  Although the motion for reconsideration provides more information about the additional discovery she seeks, there is a scant

showing that without this additional discovery, Boutin is unable to provide evidence to raise a fact issue on the claims she asserts.

Because Rule 56(f) motions are favored, and because Boutin has provided additional information required by the rule, this court will grant Boutin a limited extension of time to respond to the summary judgment motion. Boutin has subpoenaed the personnel file she seeks. She will be taking the depositions on March 23 to 26. Boutin may respond to the summary judgment no later than April 2, 2010. No extension of this deadline will be granted. The scheduling order will be amended, however, to require discovery to be completed by April 23, 2010; motions to be filed by May 20, 2010; and the Joint Pretrial Order to be filed by July 22, 2010. The date and time for docket call remain unchanged.

The motion for continuance is denied in part and granted in part.

SIGNED on March 11, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge